**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FLORENTINO JAVIER, Individually and
on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

ASSURANCE IQ, LLC;
ACTIVEPROSPECT INC.,

Defendants-Appellees.

No. 21-16351

D.C. No. 4:20-cv-02860-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted May 9, 2022
San Francisco, California

Before:  W. FLETCHER and BUMATAY, Circuit Judges, and SILVER,** District
Judge. Concurrence by Judge BUMATAY.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Florentino Javier ("Javier") appeals from the district court's order granting Assurance IQ, LLC's ("Assurance") and ActiveProspect Inc.'s ("ActiveProspect") motion to dismiss for failure to state a claim.

Assurance is an insurance platform that owns and operates Nationalfamily.com. On this website, users can request life insurance quotes from Assurance and its insurance partners. To operate this website, Assurance relies on a product created by ActiveProspect called "TrustedForm." TrustedForm records user's interactions with the website and creates a unique certificate for each user certifying that the user agreed to be contacted.

In January 2019, Javier visited Nationalfamily.com. To request an insurance quote, he answered a series of questions about his demographic information and medical history. Unbeknownst to Javier, TrustedForm captured in real time every second of his interaction with Nationalfamily.com and created a video recording of that interaction. After filling out the insurance quote questionnaire, Javier viewed a screen that stated that clicking the "View My Quote" button would constitute agreement to Assurance's Privacy Policy. Javier clicked the "View My Quote" button.

Javier filed a class action complaint against Assurance and ActiveProspect (collectively, "Defendants") in the Northern District of California. He alleged that

Defendants violated Section 631(a) of the California Invasion of Privacy Act ("CIPA"). Cal. Penal Code § 631(a). The district court granted Defendants' motion to dismiss the Second Amended Complaint for failure to state a claim without leave to amend. It held that Javier's claims were defeated because he had retroactively consented to the conduct at issue by agreeing to Assurance's privacy policy, and that retroactive consent is valid under Section 631(a). The district court did not reach any of Defendants' other arguments.

We have jurisdiction under 28 U.S.C. § 1291. We grant Javier's request for judicial notice.

We review de novo a district court's decision to grant a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021) (citing *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017)).

Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who "reads, or attempts to read, or to learn the contents" of a communication "without the consent of all parties to the communication." Cal. Penal Code § 631(a). The district court held that consent under Section 631(a) is valid even if it is given after the communication has taken place. We disagree.

3

"When interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue . . . ." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) (quoting *Ariz. Elec. Power Co-Op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995)). We must therefore predict whether the California Supreme Court would interpret Section 631(a) to require prior consent.

The California Supreme Court has stated that another provision in CIPA, Section 632, requires prior consent even though the text of that section contains only the word "consent." *See* Cal. Penal Code § 632. It wrote that Section 632 "prohibits . . . a party . . . from recording [a] conversation *without first informing all parties to the conversation* that the conversation is being recorded." *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 930 (Cal. 2006) (emphasis added). Further, the California Supreme Court has written about Section 631:

> As one commentator has noted, . . . secret monitoring denies the speaker an important aspect of privacy of communication—the right to control the nature and extent of the firsthand dissemination of his statements. Partly because of this factor, the Privacy Act has been read to require the assent of all parties to a communication *before another may listen*. Thus, the Legislature could reasonably have contemplated that [S]ection 631 . . . would prohibit the type of surreptitious monitoring of private conversations alleged here . . . .

*Ribas v. Clark*, 696 P.2d 637, 640–41 (Cal. 1985) (emphasis added) (citations omitted). Though both of these statements were dicta, we are "bound to follow the considered dicta as well as the holdings of the California Supreme Court when applying California law." *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995) (citing *Rocky Mountain Fire & Cas. Co. v. Dairyland Ins. Co.*, 452 F.2d 603, 603–04 (9th Cir. 1971)). Finally, the California Supreme Court has also emphasized that all CIPA provisions are to be interpreted in light of the broad privacy-protecting statutory purposes of CIPA. *Ribas*, 696 P.2d at 639–41; *Smith v. LoanMe, Inc.*, 483 P.3d 869, 879 (Cal. 2021) ("The interpretation of section 632.7 we adopt is better aligned with the[] aims and declarations [of CIPA] than a narrower interpretation would be.").

Based on these statements by the California Supreme Court, we conclude that the California Supreme Court would interpret Section 631(a) to require the prior consent of all parties to a communication. Here, Javier has sufficiently alleged that he did not provide express prior consent to ActiveProspect's wiretapping of his communications with Assurance. According to the complaint, neither Assurance nor ActiveProspect asked for Javier's consent prior to his filling out the insurance questionnaire online, even though ActiveProspect was recording Javier's information as he was providing it. Javier has therefore alleged sufficient

5

facts to plausibly state a claim that, under Section 631(a), his communications with Assurance were recorded by ActiveProspect without his valid express prior consent.

We reverse the district court's dismissal of Javier's Second Amended Complaint and remand for proceedings accordingly. Because they were not reached by the district court, we also do not reach Defendants' other arguments, including whether Javier impliedly consented to the data collection, whether ActiveProspect is a third party under Section 631(a), and whether the statute of limitations has run.

**REVERSED and REMANDED.**

*Florentino Javier v. Assurance IQ, LLC*, No. 21-16351
Bumatay, J., concurring:

I concur with vacating the grant of the motion to dismiss in favor of Assurance IQ and ActiveProspect Inc. The district court ruled that seeking "retroactive consent" is acceptable under California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631. In part, the district court relied on California contract principles in making that determination. While California contract law appears to allow for after-the-fact ratification, *see* Cal. Civ. Code § 1588, CIPA codified the common law tort of invasion of privacy. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) ("[T]he legislative history and statutory text demonstrate that . . . the California legislature intended to protect . . . historical privacy rights when [it] passed . . . CIPA." (simplified)). So rather than a contracts lens, we should review this case through a torts lens. And to my knowledge, no case shows that California has adopted retroactive consent as a defense to an invasion of privacy tort. So I agree we should return this case to the district court.